UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| MARIE YOLENE DUMAY-MELLON, on behalf of herself and those similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>PANAMERICAN CONSULTING, LLC; EPPS, LLC; and JOHN DOES 1-10,<br><br>Defendants. | No. 25-cv-15457<br><br><br>**OPINION** |

**WILLIAM J. MARTINI, U.S.D.J.:**

Before the Court is Defendant EPPS, LLC's ("Defendant" or "EPPS") Motion to Dismiss for Failure to Prosecute (the "Motion"). ECF No. 5. The Court decides the Motion without oral argument. Fed. R. Civ. P. 78(b). For the reasons stated herein, the Motion is **DENIED**.

## I.    BACKGROUND

Plaintiff Marie Yolene Dumay-Mellon ("Plaintiff") filed a putative class action complaint in New Jersey Superior Court, Bergen County, alleging that EPPS and PanAmerican Consulting, LLC ("PanAm," and collectively, the "Defendants") violated the New Jersey Debt Adjustment Act and Credit Counseling Act, N.J. Stat. Ann. § 17:16G-1 *et seq.*, the New Jersey Consumer Fraud Act, N.J. Stat. Ann. § 56:8-1 *et seq.*, the New Jersey Racketeer Influenced and Corrupt Organizations Act, N.J. Stat. Ann. § 2C:41-1 *et seq.*, the Telemarketing and Consumer Fraud and Abuse Prevention Act, 15 U.S.C. § 6101 *et seq.*, and the regulations promulgated thereunder. Def.'s Notice of Removal Ex. A, ECF No. 1. EPPS, with PanAm's consent, timely removed this action on September 11, 2025, *see id.*, and served its Notice of Removal on October 7, 2025, ECF No. 4. The case has remained largely dormant until EPPS filed the instant Motion.

## II.    LEGAL STANDARD

Federal Rule of Civil Procedure 41 permits courts to order involuntary dismissal for a plaintiff's want of prosecution. Fed. R. Civ. P. 41(b). The Court follows the six *Poulis* factors in its Rule 41(b) analysis: (1) the extent of the non-moving party's personal responsibility; (2) prejudice, if any, to the adversary; (3) the non-moving party's history of dilatoriness; (4) whether the non-moving party's conduct was willful or in bad faith; (5) the effectiveness of alternative sanctions; and (6) the meritoriousness of the party's claim or defense. *Poulis v. State Farm Fire and Cas. Co.*, 747 F.2d 863, 868-70 (3d Cir. 1984). No single *Poulis* factor is dispositive, and not every factor must be satisfied to warrant dismissal. *Hildebrand v. Allegheny Cnty.*, 923 F.3d 128, 132 (3d Cir. 2019). Due to the Third Circuit's strong preference for merits-based adjudication, dismissal is a sanction of last resort. *See id.*; *Guyer v. Beard*, 907 F.2d 1424, 1429 (3d Cir. 1990).

1

## III.   DISCUSSION

The Court, considering each *Poulis* factor in turn, concludes that the balance of factors weighs against dismissal.

### a.   Plaintiff's Personal Responsibility

The more personal responsibility Plaintiff bears for her inaction, the more that counsels in favor of dismissal. *Russo v. GEICO*, 345 F.R.D. 65, 74 (D.N.J. 2023). The Third Circuit has "increasingly emphasized visiting sanctions directly on the delinquent lawyer, rather than on a client who is not actually at fault." *Adams v. Trs. of N.J. Brewery Emps.' Pension Tr. Fund*, 29 F.3d 863, 873 (3d Cir. 1994) (quoting *Carter v. Albert Einstein Med. Ctr.*, 804 F.2d 805, 807 (3d Cir. 1986)). Because EPPS does not provide any evidence that Plaintiff, rather than counsel, bears personal responsibility for this case's stagnation, the Court finds that the first *Poulis* factor weighs against dismissal. *See Reilly v. Home Depot U.S.A., Inc.*, 670 F. Supp. 3d 126, 143 (D.N.J. 2023).

### b.   Prejudice to Defendants

Prejudice to defendants is a "particularly important factor in the *Poulis* analysis." *Hildebrand*, 923 F.3d at 134. The following may constitute prejudice: "the irretrievable loss of evidence, the inevitable dimming of witnesses' memories, or the excessive and possibly irremediable burdens or costs imposed on the opposing party." *Adams*, 29 F.3d at 874. While EPPS asserts that Plaintiff's failure to prosecute has caused prejudice such as "ongoing uncertainty" and a diminished ability to "defend against allegations as time passes," Def.'s Br. 4, ECF No. 5, this does not rise to the level of prejudice that militates towards dismissal. *See Avid Radiopharmaceuticals, Inc. v. AIA Am., Inc.*, No. 19-cv-3632, 2020 WL 405548, at *2 (E.D. Pa. Jan. 24, 2020) (concluding that the absence of evidence indicating that plaintiff's failure to prosecute "impaired Defendants' ability to prepare a meaningful defense" weighed against dismissal).

### c.   Plaintiff's History of Dilatoriness

A pattern of consistent delay suggests dismissal may be appropriate, *see Poulis*, 747 F.2d at 868, and "a party's problematic acts must be evaluated in light of its behavior over the life of the case." *Adams*, 29 F.3d at 875. Courts may also consider the length of the delay. *See id.* Here, EPPS points to "sustained inactivity following removal, with no affirmative steps taken to move the case forward" as probative of dilatoriness. Def.'s Br. 4. Plaintiff counters that she has "actively prosecuted this litigation by serving defendants, filing affidavits, and communicating with the Court regarding briefing schedules."[1] Pl.'s Opp'n 5-6, ECF No. 9. The Court disagrees with Plaintiff's characterization of the record. Nonetheless, the Court is skeptical that inactivity over the course of a relatively brief interval establishes a history of dilatoriness. Nor does EPPS cite any case law ordering dismissal due to a delay of analogous length. This factor, too, weighs against dismissal.

---

[1] In support of this point, Plaintiff cites to ECF Nos. 7 (Plaintiff's letter seeking an extension of time to oppose the Motion) and 8 (this Court's March 2 Text Order granting the same). Pl.'s Opp'n 5. Plaintiff's assertion—that her request for an extension of time to file an opposition somehow demonstrates that she has attempted to prosecute this case—strains credulity.

2

#### d. Willfulness and Bad Faith

A showing of "flagrant bad faith," as opposed to "inexcusable negligent behavior," is required for this element to support dismissal. *Hildebrand*, 923 F.3d at 135. Under the appropriate circumstances, a court may infer bad faith from a party's failure to explain its inaction. *Russo*, 345 F.R.D. at 77. The Court agrees that Plaintiff has not provided much—if any—indication that she plans to pursue her claims before this Court. On the record before it, however, the Court cannot accept that Plaintiff's inaction rises to the level of flagrant bad faith. *See Shaw v. Vetforce, Inc. Pa.*, No. 23-cv-1868, 2024 WL 3330584, at *5 (M.D. Pa. July 8, 2024) (finding that this factor weighs against dismissal when "it is more likely [Plaintiff's] behavior is negligent than it is strategic").

#### e. Effectiveness of Alternative Sanctions

Courts must consider alternative sanctions before imposing Rule 41(b) dismissal. *Hildebrand*, 923 F.3d at 136. As stated above, dismissal is a sanction of last resort. *Guyer*, 907 F.3d at 1429. Courts are, therefore, cautioned against "depriv[ing] a plaintiff of the right to have his claim adjudicated on the merits." *Adams*, 29 F.3d at 876. Because the relatively short period of delay in this case, coupled with the fact that none of the aforementioned factors suggest dismissal would be appropriate, the Court decides that alternative sanctions may be more effective than dismissal.

#### f. Meritoriousness of Plaintiff's Claims

The final *Poulis* factor employs the familiar Rule 12(b)(6) standard to assess meritoriousness. *Briscoe v. Klaus*, 538 F.3d 252, 263 (3d Cir. 2008). Accordingly, a claim is deemed meritorious for the purposes of Rule 41(b) when "the allegations of the pleadings, if established at trial, would support recovery by plaintiff or would constitute a complete defense." *Poulis*, 747 F.2d at 870. Given the early stage of this case, this factor is difficult to evaluate. Under these circumstances, this Court need not opine on the merits of Plaintiff's claims. Instead, seeing no need to conduct a "mini-trial" at this juncture, the Court deems this *Poulis* factor to be neutral. *Reilly*, 670 F. Supp. 3d at 146.

### IV.    CONCLUSION

For the foregoing reasons, the balance of *Poulis* factors weighs against dismissal. The Motion is, therefore, **DENIED**. While the Court does not impose alternative sanctions at this time, Plaintiff is cautioned that continued failure to prosecute this case will result in dismissal under Local Civil Rule 41.1(a). An appropriate order follows.

Date: April 22 2026

WILLIAM J. MARTINI, U.S.D.J.

3